# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ATLANTIC-PACIFIC PROCESSING SYSTEMS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DERMAKTIVE, LLC, a Florida limited liability company, and JORDAN DUFNER, a Connecticut resident; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X,<br><br>Defendants. | Case No. 2:16-cv-00739-JAD-PAL<br><br>**STIPULATION AND ORDER FOR PROTECTION OF CONFIDENTIAL INFORMATION DISCLOSED DURING DISCOVERY** |
| DERMAKTIVE, LLC, a Florida limited liability company; and JORDAN DUFNER, a Connecticut resident,<br><br>Counter-Plaintiffs<br><br>vs.<br><br>ATLANTIC-PACIFIC PROCESSING SYSTEMS, INC., a Nevada corporation,<br><br>Counter-Defendant. | |

Plaintiff and Counter-Defendant ATLANTIC-PACIFIC PROCESSING SYSTEMS, INC. ("APPS"), and Defendants and Counter-Plaintiffs DERMAKTIVE, LLC and JORDAN DUFNER, through their respective counsel, hereby stipulate and agree as follows:

1. **Findings:**

The Court finds that the Parties to this case may request or produce information involving personal and financial information, trade secrets, or commercially sensitive information, the disclosure of which is likely to cause harm to the Person producing such information. This Order shall bind and inure to the benefit of the Parties to this litigation and any non-party which

desires the protections of this Order with respect to any information obtained from it, or produced by it, and which, itself or through its counsel, agrees to be bound by the terms of this Order by executing the attached "Agreement to be Bound by Protective Order" (Attachment A). A non-party seeking the protections of this Order shall execute a copy of the "Agreement to be Bound by Protective Order" and shall serve a copy on both Parties.

**2.      Definitions**

(a)     "Party" or "Parties" means a named party or parties in this case. "Person" means an individual or an entity. "Producing Party" means a Person who produces information subject to this Order. "Receiving Party" means a Person who receives information subject to this Order. "Qualified Person" is a Person defined in Section 3(g) of this Order.

(b)     "Confidential" information is information that falls within one or more of the following categories:

(i)      The personal and financial information of credit card holders including complete credit card numbers and any personally identifying information such as names, addresses and telephone numbers;

(ii)     The identity, Merchant Identification Nos. (MIDs) and financial information of any merchants processing credit cards through APPS, the disclosure of which may have the effect of causing harm to the financial or competitive position of any Producing Party from which the information was obtained or of any Party to this action;

(iii)    The financial information of issuing and acquiring banks related to APPS's credit card processing activities, the disclosure of which may have the effect of causing harm to the financial or competitive position of any Producing Party from which the information was obtained;

(iv)    Any trade secret of the Producing Party, the Parties, or any third parties, which has not been made public, and the disclosure of which may have the effect of causing harm to the competitive position of any Producing Party from which

the information was obtained, any Party to this action, or any third party including, but not limited to, agreements, pricing information, policies and procedures, and customer lists; and

(v)     Any commercially sensitive information of the Producing Party, the Parties, or any third parties, which has not been made public, the disclosure of which is likely to harm the competitive position of any Producing Party from which the information was obtained, any Party to this action, or any third party, or would contravene an obligation of confidentiality of the Producing Party, including, without limitation: (1) policies or procedures; (2) agreements by and between the Producing Party, any one or all of the Parties, and/or third parties; (3) business terms, including payment, pricing, fees, or other terms of doing business; and/or (4) information which is subject to contractual or legal non-disclosure obligations.

**3.     Designation of Confidential Information**

(a)     The protections of this Order shall not apply to information that, prior to disclosure in this action, was within the actual possession or knowledge of the Receiving Party, was previously disclosed by the Producing Party without any obligation of confidentiality, or was actually public knowledge, provided that the information did not become public knowledge through an act or omission of the Receiving Party.  Any Receiving Party who claims that information was, prior to disclosure in this action, within its actual possession or knowledge and was not subject to a confidentiality obligation or was public knowledge shall have the burden of proving that fact.

(b)     By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the Producing Party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Fed. R. Civ. P. 26(g).

(c)     Confidential documents shall be so designated by stamping copies of the

document produced to a Receiving Party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the Producing Party.

(d) Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential and to label such portions appropriately.

(e) Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

(f) Confidential information produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "Qualified Persons" designated below.

(i) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defenses, or settlement of this action;

(ii) experts or consultants (together with their clerical staff) retained by such counsel or party to assist in the prosecution, defense, or settlement of this action;

(iii) court reporter(s) employed in this action;

(iv) a witness at any deposition or other proceeding in this action;

(v) an outside copying service designated by either party to make copies of exhibits and third party document productions for production to the defendant; and

(vi) any other person as to whom the parties in writing agree, provided however that if the Producing Party is a non-party, the Parties will secure the agreement of the Producing Party before such disclosure.

(g)     Prior to receiving any Confidential Material, each "Qualified Person" shall be provided with a copy of this order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other Party and for the Parties, or in the case where the Producing Party is a non-party, to counsel for the Producing Party.

(h)     Nothing herein shall impose any restrictions on the use or disclosure by a Receiving Party of material obtained by such Receiving Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.  If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court relating to any non-dispositive matters such as discovery disputes, such papers shall be labeled "Confidential- Subject to Court Order" and filed under seal until further order of this Court.

(i)     In the event that any Confidential Material is used in any dispositive motion or other dispositive court proceeding, such as trial, in this action, it shall only maintain its confidential status through such use if the party using the Confidential Material, or any other party affected by use, moves the Court under Fed. R. Civ. P. 26(c) for a separate order requiring the Confidential Material to be sealed in accordance with the instructions on filing a motion for leave to e-file a sealed document (which are located at www.nvd.uscourts.gov), specifying precisely what the party or parties wish to be kept under seal and making a particularized showing of good cause as to why the Court should depart from the strong presumption against sealing any court records to public inspection.  If a party intends to use Confidential Material designated by a Producing Party in a live court hearing or other live proceeding, the Party intending to use the Confidential Material shall give the Producing Party notice of the intended use five (5) court days in advance to allow the Producing Party the opportunity to move the Court for an order requiring the Confidential Material to be e-filed as a sealed document in accordance with this paragraph of the Order.

(j) This Order shall be without prejudice to the right of the Parties (i) to bring before the court at any time the question of whether a particular document or information is Confidential Material or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Order.  A Party successfully challenging any Confidential designation shall be presumptively entitled to its attorneys' fees and costs unless: (i) the Producing Party shows that the designation was made in good faith or was substantially justified; or (ii) the Producing Party is a non-party.

(k) This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

(l) After final termination of this action, including any appeals, each counsel of record shall within 60 days of a written request, (a) destroy or (b) return to the counsel of record all documents containing Confidential Material in their possession and control, including all copies thereof except that each counsel of record may maintain one archive copy of all pleadings, correspondence, deposition transcripts, deposition exhibits, trial transcripts, and trial exhibits, together with any  attorney work product provided that such archive copy be appropriately marked as confidential and be retained in accordance with the terms of this Order.

DATED: December ___, 2016          HUTCHISON & STEFFEN, LLC.

By: _____
Joseph S. Kistler (3458)
Todd W. Prall (9154)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
Email: jkislter@hutchlegal.com
tprall@hutchlegal.com
Attorneys for Plaintiff and Counter-Defendant

DATED: December 6, 2016          JULANDER, BROWN & BOLLARD

By: _____
Dirk O. Julander (Admitted *Pro Hac Vice*)
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355
Email: doj@jbblaw.com
Attorney for Plaintiff and Counter-Defendant

DATED: December  8 , 2016          VENABLE LLP

By: _____
Ari N. Rothman (Admitted *Pro Hac Vice*)
Shahin Rothermel (Admitted *Pro Hac Vice*)
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000
Fax: (202) 344-8300
Email: anrothman@venable.com
sorothermel@venable.com
Attorneys for Defendants and Counter-Plaintiffs

DATED: December 8, 2016    HUTCHISON & STEFFEN, LLC.

By: _____
Joseph S. Kistler (3458)
Todd W. Prall (9154)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
Email: jkislter@hutchlegal.com
tprall@hutchlegal.com
Attorneys for Plaintiff and Counter-Defendant


DATED: December 6, 2016    JULANDER, BROWN & BOLLARD

By: _____
Dirk O. Julander (Admitted *Pro Hac Vice*)
9110 Irvine Center Drive
Irvine, California 92618
Telephone: (949) 477-2100
Facsimile: (949) 477-6355
Email: doj@jbblaw.com
Attorney for Plaintiff and Counter-Defendant


DATED: December ___, 2016    VENABLE LLP


By: _____
Ari N. Rothman (Admitted *Pro Hac Vice*)
Shahin Rothermel (Admitted *Pro Hac Vice*)
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000
Fax: (202) 344-8300
Email: anrothman@venable.com
sorothermel@venable.com
Attorneys for Defendants and Counter-Plaintiffs

DATED: December ___ 2016    RANDAZZA LEGAL GROUP, PLLC

By: _____
Marc J. Randazza (12265)
Ronald D. Green (7360)
4035 El Capitan Way
Las Vegas, NV 89147
Tel: (702) 420-2001
Fax: (305) 437-7662
Email: ecf@randazza.com
Attorneys for Defendants and Counter-Plaintiffs

**SO ORDERED.**

Dated: December 13, 2016        _____
PEGGY A. LEEN
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1.   I, _____, have read and understand the Stipulation and Order for Protection of Information Disclosed During Discovery (the "Order"), and agree to be bound by its terms.

2.   **[For use with Qualified Persons]** As set forth in the Order, I shall use Confidential Material, and the information contained in that Confidential Material, solely for the purpose of this litigation, and for no other purpose and no other case.  I shall not disclose Confidential Material or the information in that Confidential Material except as permitted in the Order.

3.   **[For use with non-party Producing Party]**  At the request of a Party in this case, I shall produce Confidential Material, and the information contained in that Confidential Material.

4.   I hereby submit myself to the jurisdiction of the United States District Court for the District of Nevada for the enforcement of these agreements and the Order.

Executed this \_\_\_ day of _____, 20\_\_\_\_.

_____

[Signature]

_____

[Type or Print Name]